# EXHIBIT A

FILED: NEW YORK COUNTY CLERK 09/26/2019 07:29 PM
NYSCEF DOC. NO. 1

INDEX NO. 159433/2019
RECEIVED NYSCEF: 09/26/2019

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------X

RACHEL BELL,

                    Plaintiff,

        -against-

JPMORGAN CHASE BANK, N.A.,

                    Defendant.

------------------------------------------------------X

Index No. 159433/19

Date Purchased: 9 / 26 / 19

Plaintiffs designate New York County as the place of trial. The basis of venue is defendant's residence.

**SUMMONS**

TO THE ABOVE NAMED DEFENDANTS:

YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, on the plaintiff's Attorneys within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after service is complete if this summons is not personally delivered to you within the State of New York) and to file a copy of your answer with the Clerk of the above-named Court; and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Brooklyn, New York
September 26, 2019

Yours,

THE BERKMAN LAW OFFICE, LLC
*Attorneys for the plaintiff*

by: _____
Robert J. Tolchin

111 Livingston Street, Suite 1928
Brooklyn, New York 11201
(718) 855-3627

Defendant's address:
SEE ATTACHED RIDER

FILED: NEW YORK COUNTY CLERK 09/26/2019 07:29 PM
NYSCEF DOC. NO. 1

INDEX NO. 159433/2019
RECEIVED NYSCEF: 09/26/2019

RIDER

Defendants' addresses:

JPMORGAN CHASE BANK, N.A.,
340 Avenue of the Americas
New York, New York 10011

FILED: NEW YORK COUNTY CLERK 09/26/2019 07:29 PM
NYSCEF DOC. NO. 1

INDEX NO. 159433/2019
RECEIVED NYSCEF: 09/26/2019

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------X

RACHEL BELL,

                Plaintiff,

-against-

JPMORGAN CHASE BANK, N.A.,

                Defendant.
-----------------------------------------------------------X

Index No: 159433/19

**VERIFIED COMPLAINT**

Plaintiff, complaining of the defendants, by her attorneys, THE BERKMAN LAW OFFICE, LLC, alleges for her complaint, upon information and belief, as follows:

### THE PARTIES

1. At all times mentioned herein, the plaintiff, RACHEL BELL ("BELL"), is a natural person who is a citizen and resident of the City and State of Florida, but attends college in the City, State, and County of New York.

2. Upon information and belief, at all times relevant to this complaint, the defendant JPMORGAN CHASE BANK, N.A. ("JPMORGAN"), is federally chartered bank with its headquarters located in Manhattan, New York.

### THE UNDERLYING FACTS

3. On or about January 25, 2019 at approximately 11:0 a.m. ("ACCIDENT TIME"), the plaintiff was lawfully present as a pedestrian on the public sidewalk in front of the property known as 340 Avenue of the Americas, New York, which is a corner property, on the side of the property that runs along West 4th Street ("ACCIDENT LOCATION").

FILED: NEW YORK COUNTY CLERK 09/26/2019 07:29 PM
NYSCEF DOC. NO. 1

INDEX NO. 159433/2019
RECEIVED NYSCEF: 09/26/2019

4. Upon information and belief, at all times relevant to this complaint, the ACCIDENT LOCATION is the property of the defendant JPMORGAN.

5. Upon information and belief, the sidewalk at the ACCIDENT LOCATION was broken, uneven, unlevel, raised, irregular, cracked and/or sunken, thereby posing a tripping hazard to the pedestrian public ("DANGEROUS CONDITION").

6. At the ACCIDENT TIME, and at the ACCIDENT LOCATION, plaintiff was a lawful pedestrian traversing the sidewalk at the ACCIDENT LOCATION, when she was she was caused to trip, fall, and become seriously injured due to the aforementioned DANGEROUS CONDITION.

7. As a result of the fall described above, the plaintiff was caused to suffer severe and permanent personal injuries including, but not limited to: fracture of left hip; severe pain requiring plaintiff to be prescribed morphine and other strong analgesics; required constant care including assistance with toileting, bathing, and dressing; muscle atrophy; plaintiff was rendered sick, sore, lame and disabled; severe pain; plaintiff was required to receive medical care and attention and upon information and belief will require additional medical care and attention in the future; plaintiff was required to undergo diagnostic testing including x-ray and/or MRI and/or CT scan; plaintiff was required to undergo physical therapy and/or will require additional therapy in the future; plaintiff has been required to take medication and upon information and belief may be required to take such medication in the future; plaintiff's ability to pursue usual duties and vocation has been impaired; plaintiff has become substantially disabled; plaintiff has suffered severe mental anguish and distress; osteoarthritic changes are anticipated; extreme pain and suffering; and plaintiff has been otherwise damaged; upon information and belief, the cost to the plaintiff of life insurance and/or disability insurance has been substantially increased; all of these injuries are permanent in nature and continuing into the future.

FILED: NEW YORK COUNTY CLERK 09/26/2019 07:29 PM
NYSCEF DOC. NO. 1

INDEX NO. 159433/2019
RECEIVED NYSCEF: 09/26/2019

8. As a result of the fall described above, the plaintiff was required to incur substantial expenses for lodging as she could not stay in her dormitory after the injury, medical equipment such as an electric wheelchair that cost $16,000, and other expenses.

9. As a result of the fall described above, the plaintiff the plaintiff was caused to be unable to participate in activities she had planned.

10. As a result of the fall described above, the plaintiff was been unable to take her medication for Crohn's disease, which led to exacerbation of that condition, including nausea, diarrhea, and stomach aches.

### AS AND FOR A FIRST CLAIM FOR RELIEF

11. Plaintiff repeats and re-alleges each of the foregoing allegations with the same force and effect as if more fully set forth herein.

12. At all times mentioned herein, plaintiff was caused to suffer severe and permanent personal injures due to the recklessness, carelessness, and negligence, of the defendant, such injuries being set forth in detail above.

13. Among other things, the defendant was reckless, careless and negligent in that it: created, caused, permitted and allowed a defective, broken, uneven, elevated, cracked, hazardous, deformed, deep, and trap-like sidewalk condition to exist at the aforementioned location, and allowed it to be, become, and remain in a broken, defective, hazardous, uneven, cracked, trap-like, defective, deformed, and dangerous condition; allowed the defective and dangerous sidewalk condition to remain in an obstructed, uneven and/or in a deteriorated and broken manner; caused, permitted, and allowed the trap-like, hazardous, and nuisance sidewalk condition to be, exist, and remain for an excessive and unreasonable period of time exposed to the general public at large; allowed the defective condition to be and remain exposed to inclement weather conditions causing the defective and hazardous sidewalk to become

FILED: NEW YORK COUNTY CLERK 09/26/2019 07:29 PM
NYSCEF DOC. NO. 1

INDEX NO. 159433/2019
RECEIVED NYSCEF: 09/26/2019

deteriorated and prone to the absorption of water, rain and/or snow thereby causing and creating a hazardous and dangerous, defective and trap-like sidewalk condition for the general public, caused the claimant to trip and fall on a deformed uneven, dangerous, trap-like, and deep hole condition; failed to take all necessary steps, protocols, and procedures to alleviate, correct, remove, patch, and/or fix the defective, uneven, hazardous, and trap-like sidewalk condition; failed to provide the proper warning signs, barricades, and/or warning notices to warn the general public of the defective, hazardous, uneven, and trap-like sidewalk condition, in particular the claimant herein, and the general public in order to prevent serious injuries; failed to undertake the proper and/or adequate safety studies, inspections, and/or surveys of the defective sidewalk condition; failed to warn the general public and, in more particular, claimant herein, of the subject hazardous, uneven, trap-like, and nuisance; permitted and allowed the aforesaid defective, hazardous, uneven, and trap-like condition to exist and remain on the sidewalk; acted careless and grossly negligent in their maintenance, care and supervision of the sidewalk, in particular of the defective, hazardous, uneven, dangerous, and trap-like condition; all after actual and constructive notice on the part of the defendant, its agents, servants, employees, independent contractors and/or others without any negligence on the part of the plaintiff contributing thereto.

14. As the owner of the real property adjacent to the sidewalk the defendant is liable for damages caused by defects in the sidewalk pursuant to New York City Administrative Code § 7-210..

15. Upon information and belief, the defendant created the aforementioned dangerous condition.

16. Upon information and belief, the aforementioned dangerous condition was present at the ACCIDENT LOCATION for a sufficient period of time prior to the plaintiff's accident that the defendant was, or should have been, on notice of it.

FILED: NEW YORK COUNTY CLERK 09/26/2019 07:29 PM
NYSCEF DOC. NO. 1

INDEX NO. 159433/2019
RECEIVED NYSCEF: 09/26/2019

17. As a result of the defendant's recklessness, carelessness and negligence, the plaintiff was caused to suffer severe and permanent personal injuries, such injuries being set forth above in greater detail.

18. By reason of the foregoing, the plaintiff is entitled to recover the full extent of her damages, in an amount to be determined by the jury at trial.

**WHEREFORE**, the plaintiff demands judgment against the defendants in the amounts and for the relief requested herein, plus attorney's fees to the extent permitted by law.

Dated: Brooklyn, New York
September 26, 2019

Yours,

THE BERKMAN LAW OFFICE, LLC
*Attorneys for the plaintiff*

by: _____
Robert J. Tolchin

111 Livingston Street, Suite 1928
Brooklyn, New York 11201
(718) 855-3627

FILED: NEW YORK COUNTY CLERK 09/26/2019 07:29 PM
NYSCEF DOC. NO. 1

INDEX NO. 159433/2019
RECEIVED NYSCEF: 09/26/2019

## VERIFICATION

Robert J. Tolchin, an attorney for the plaintiffs in the within action, duly admitted to practice in the Courts of the State of New York, affirms the following statements to be true under the penalties of perjury, pursuant to CPLR 2016:

He has read the foregoing complaint and knows the contents thereof to be true to his own knowledge except as to those matters therein stated to be alleged on information and belief, and as to those matters he believes it to be true.

He further states that the source of this information and the grounds for her belief are derived from the file maintained in the normal course of business of the attorneys for the plaintiff herein.

He further states that the reason this affirmation is not made by the plaintiff is that at the time the complaint was being prepared, the plaintiff was not found to be within the County of Kings, which is the county where the attorney for the plaintiff herein maintains his office.

Dated: Brooklyn, New York
September 26, 2019

Robert J. Tolchin

FILED: NEW YORK COUNTY CLERK 09/26/2019 07:29 PM
NYSCEF DOC. NO. 1

INDEX NO. 159433/2019
RECEIVED NYSCEF: 09/26/2019

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
----------------------------------------X

Index No. 159433/19

RACHEL BELL,

        Plaintiff,

-against-

JPMORGAN CHASE BANK, N.A.,

        Defendant.

----------------------------------------X

## SUMMONS AND COMPLAINT

Pursuant to 22 N.Y.C.R.R. § 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that upon information and belief and reasonable inquiry, the contentions contained in the annexed documents are not frivolous.

Dated: September 26, 2019

Signature: _____

**THE BERKMAN LAW OFFICE, LLC**
*Attorneys for the Plaintiff*
111 Livingston Street, Suite 1928
Brooklyn, New York 11201
718-855-3627