UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

RACHEL BELL,

                Plaintiff,

            -against-

JPMORGAN CHASE BANK, N.A.; and JONES LANG
LASALLE AMERICAS, INC.,

                Defendants.
-------------------------------------------------------------------X

Case no: 20-cv-2468 (SLC)

**AMENDED COMPLAINT**

**Jury Trial Demanded**

      Plaintiff, complaining of the defendants, by her attorneys, THE BERKMAN LAW OFFICE, LLC, alleges for her complaint, upon information and belief, as follows:

## THE PARTIES

    1.    At all times mentioned herein, the plaintiff, RACHEL BELL ("BELL"), is a natural person who is a citizen and resident of the City and State of Florida, but attends college in the City, State, and County of New York.

    2.    Upon information and belief, at all times relevant to this complaint, the defendant JPMORGAN CHASE BANK, N.A. ("JPMORGAN"), is federally chartered bank with its headquarters located in Manhattan, New York.

    3.    Upon information and belief, at all times relevant to this complaint, the defendant JONES LANG LASALLE AMERICAS, INC. ("JONES"), is corporation organized and existing under the laws of Maryland, with its principal place of business located in the state of Illinois, and is licensed to do business in the State of New York.

## JURISDICTION

4. This action was commenced in Supreme Court of the State of New York, New York County, and was removed to this Court by the defendant CHASE on the ground of diversity of citizenship and an amount in controversy exceeding $75,000.

5. With this amended complaint plaintiff adds the defendant JONES. There is diversity of citizenship between the plaintiff and the defendant JONES, and the amount in controversy exceeds $75,000.

## THE UNDERLYING FACTS

6. On or about January 25, 2019 at approximately 11:0 a.m. ("ACCIDENT TIME"), the plaintiff was lawfully present as a pedestrian on the public sidewalk in front of the property known as 340 Avenue of the Americas, New York, which is a corner property, on the side of the property that runs along West 4th Street ("ACCIDENT LOCATION").

7. Upon information and belief, at all times relevant to this complaint, the ACCIDENT LOCATION is the property of the defendant JPMORGAN.

8. Upon information and belief, at all times relevant to this complaint, the defendant JONES was contractually obligated to maintain the ACCIDENT LOCATION. Upon information and belief the contract number is CW605414, and the contract requires JONES *inter alia*, to patch or fill holes and cracks as appropriate and repave or re-lay individual sidewalk slabs, curbs or small areas of fitted pavement the condition of which presents a safety hazard to users

9. Upon information and belief, the sidewalk at the ACCIDENT LOCATION was broken, uneven, unlevel, raised, irregular, cracked and/or sunken, thereby posing a tripping hazard to the pedestrian public ("DANGEROUS CONDITION").

10. At the ACCIDENT TIME, and at the ACCIDENT LOCATION, plaintiff was a lawful pedestrian traversing the sidewalk at the ACCIDENT LOCATION, when she was she was caused to trip, fall, and become seriously injured due to the aforementioned DANGEROUS CONDITION.

11. As a result of the fall described above, the plaintiff was caused to suffer severe and permanent personal injuries including, but not limited to: fracture of left hip; severe pain requiring plaintiff to be prescribed morphine and other strong analgesics; required constant care including assistance with toileting, bathing, and dressing; muscle atrophy; plaintiff was rendered sick, sore, lame and disabled; severe pain; plaintiff was required to receive medical care and attention and upon information and belief will require additional medical care and attention in the future; plaintiff was required to undergo diagnostic testing including x-ray and/or MRI and/or CT scan; plaintiff was required to undergo physical therapy and/or will require additional therapy in the future; plaintiff has been required to take medication and upon information and belief may be required to take such medication in the future; plaintiff's ability to pursue usual duties and vocation has been impaired; plaintiff has become substantially disabled; plaintiff has suffered severe mental anguish and distress; osteoarthritic changes are anticipated; extreme pain and suffering; and plaintiff has been otherwise damaged; upon information and belief, the cost to the plaintiff of life insurance and/or disability insurance has been substantially increased; all of these injuries are permanent in nature and continuing into the future.

12. As a result of the fall described above, the plaintiff was required to incur substantial expenses for lodging as she could not stay in her dormitory after the injury, medical equipment such as an electric wheelchair that cost $16,000, and other expenses.

13. As a result of the fall described above, the plaintiff the plaintiff was caused to be unable to participate in activities she had planned.

14. As a result of the fall described above, the plaintiff was been unable to take her medication for Crohn's disease, which led to exacerbation of that condition, including nausea, diarrhea, and stomach aches.

## AS AND FOR A FIRST CLAIM FOR RELIEF

15. Plaintiff repeats and re-alleges each of the foregoing allegations with the same force and effect as if more fully set forth herein.

16. At all times mentioned herein, plaintiff was caused to suffer severe and permanent personal injures due to the recklessness, carelessness, and negligence, of the defendants, such injuries being set forth in detail above.

17. Among other things, the defendants were reckless, careless and negligent in that they: created, caused, permitted and allowed a defective, broken, uneven, elevated, cracked, hazardous, deformed, deep, and trap-like sidewalk condition to exist at the aforementioned location, and allowed it to be, become, and remain in a broken, defective, hazardous, uneven, cracked, trap-like, defective, deformed, and dangerous condition; allowed the defective and dangerous sidewalk condition to remain in an obstructed, uneven and/or in a deteriorated and broken manner; caused, permitted, and allowed the trap-like, hazardous, and nuisance sidewalk condition to be, exist, and remain for an excessive and unreasonable period of time exposed to the general public at large; allowed the defective condition to be and remain exposed to inclement weather conditions causing the defective and hazardous sidewalk to become deteriorated and prone to the absorption of water, rain and/or snow thereby causing and creating a hazardous and dangerous, defective and trap-like sidewalk condition for the general public,

caused the claimant to trip and fall on a deformed uneven, dangerous, trap-like, and deep hole condition; failed to take all necessary steps, protocols, and procedures to alleviate, correct, remove, patch, and/or fix the defective, uneven, hazardous, and trap-like sidewalk condition; failed to provide the proper warning signs, barricades, and/or warning notices to warn the general public of the defective, hazardous, uneven, and trap-like sidewalk condition, in particular the claimant herein, and the general public in order to prevent serious injuries; failed to undertake the proper and/or adequate safety studies, inspections, and/or surveys of the defective sidewalk condition; failed to warn the general public and, in more particular, claimant herein, of the subject hazardous, uneven, trap-like, and nuisance; permitted and allowed the aforesaid defective, hazardous, uneven, and trap-like condition to exist and remain on the sidewalk; acted careless and grossly negligent in their maintenance, care and supervision of the sidewalk, in particular of the defective, hazardous, uneven, dangerous, and trap-like condition; all after actual and constructive notice on the part of the defendant, its agents, servants, employees, independent contractors and/or others without any negligence on the part of the plaintiff contributing thereto.

18. As the owner of the real property adjacent to the sidewalk the defendant CHASE is liable for damages caused by defects in the sidewalk pursuant to New York City Administrative Code § 7-210..

19. Upon information and belief, the defendants created the aforementioned dangerous condition.

20. Upon information and belief, the aforementioned dangerous condition was present at the ACCIDENT LOCATION for a sufficient period of time prior to the plaintiff's accident that the defendants were, or should have been, on notice of it.

21. As a result of the defendants' recklessness, carelessness and negligence, the plaintiff was caused to suffer severe and permanent personal injuries, such injuries being set forth above in greater detail.

22. By reason of the foregoing, the plaintiff is entitled to recover the full extent of her damages, in an amount to be determined by the jury at trial.

**WHEREFORE**, the plaintiff demands judgment against the defendants in the amounts and for the relief requested herein, plus attorney's fees to the extent permitted by law.

Dated:   Brooklyn, New York
         May 20, 2020

                                           Yours,

                                           THE BERKMAN LAW OFFICE, LLC
                                           *Attorneys for the plaintiff*


                                           by: _____
                                                Robert J. Tolchin

                                           111 Livingston Street, Suite 1928
                                           Brooklyn, New York 11201
                                           (718) 855-3627

TO:

Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
*Attorneys for Defendant JPMorgan Chase Bank, N.A.*
1333 Westchester Avenue
White Plains, New York 10604
914-872-7696
File no. 19881.00158